**Handal & Morofsky, LLC**
Anthony H. Handal
Gwen Acker Wood
501 Kings Highway East
Fairfield, Connecticut 06825
Telephone: (917) 880-0811

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| CHRISTOPHER BOYLE on behalf of himself and others similarly situated, : | |
| : | 13 Civ. |
| Plaintiffs, : | ECF Case |
| -against- : | **CLASS ACTION COMPLAINT** |
| SWANN INC., MATHIAS R. SHANER and LANCE T. SHANER all doing business as PITTSBURGH POWER FOOTBALL, : | **Demand for Jury Trial** |
| : | |
| Defendants. : | |
| : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### COMPLAINT

Plaintiff Christopher Boyle, on behalf of himself and all others similarly situated (the "Plaintiff"), by and through their undersigned attorneys, Handal & Morofsky, LLC, allege as their Complaint:

### INTRODUCTION

1.      Pittsburgh Power Football ("Pittsburgh Power") is a fictitious entity registered with the State of Pennsylvania whose owners are Swann, Inc., Mathias R. Shaner, and Lance T. Shaner (collectively the "Defendants") and against whom, therefore, the allegations herein are jointly and

severally made. Pittsburgh Power is a professional football team, a member of the Arena Football League, that plays home games out of the Consol Energy Center in Pittsburgh, Pennsylvania. Defendants manage the Pittsburgh Power team, its franchise, including all elements of business operations, marketing, and ticket sales including, most relevantly, the hiring and management of employees connected therewith.

2.      Unpaid interns are becoming the modem-day equivalent of entry-level employees, except that employers are not paying them for the many hours they work.[1] This practice runs afoul of basic wage-and-hour laws, which require that employers pay all of their employees, even those desperate for the work, the minimum wage as well as overtime for hours over forty in a workweek. The Fair Labor Standards Act has no exemption for interns unless they are apprentices or in a vocational training program, and the United States Department of Labor uses a six-factor test to evaluate whether a worker is a trainee or an employee.[2] A worker is a trainee only if he or she receives training similar to what would be given in a vocational school or academic educational instruction. The employer cannot derive any immediate advantage from the intern's work or require the intern to do the work of regular employees.[3] "If the workers are engaged in the primary operations of the employer and are performing productive work (for example, filing, performing other clerical work, or assisting customers), then the fact that they may be receiving some benefits in the form of a new skill or improved work habits is unlikely to make them trainees

---

[1] Steven Greenhouse, *The Unpaid Intern, Legal or Not*, N.Y. Times, Apr. 2, 2010, at Bl.
[2] Greenhouse, *supra* note 3; JANE OATES & NANCY LEPPINK, U.S. DEP'T. OF LABOR, TRAINING AND EMP'T GUIDANCE LETTER No. 12-09, JOINT GUIDANCE FOR STATES SEEKING TO IMPLEMENT SUBSIDIZED WORK-BASED TRAINING PROGRAMS FOR UNEMPLOYED WORKERS (Jan. 29, 2010) at *7-10; *see also* U.S. DEP'T. OF LABOR, Fact Sheet #71: Internship Programs Under The Fair Labor Standards Act, Apr. 2010, http://www.dol.gov/whd/regs/cornpliance/whdfs7l.pdf
[3] *Id*., TRAINING AND EMP'T GUIDANCE LETTER NO. 12-09 at *8.

2

given the benefits received by the employer."[4]

3.      Defendants' unpaid interns are a crucial labor force in its operations, functioning as photographers, reporters, marketing coordinators, bookkeepers, ticket sellers, "ball boys," and performing secretarial and janitorial work. Plaintiff Christopher Boyle was one of these unpaid interns; he was not paid any wages during his employ with Defendants. In misclassifying many of its workers as unpaid interns, Defendants utilize their status and popularity as a professional football team to deny its workers the benefits that the law affords to employees, including unemployment and workers' compensation insurance, sexual harassment and discrimination protections, and, most crucially, the right to earn a fair day's wage for a fair day's work.

4.      Christopher Boyle brings this action on behalf of himself and those similarly situated (the "Plaintiffs") who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy Defendants' willful violations of the wage-and-hour provisions of the FLSA that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

5.      Plaintiffs also bring individual and representative wage claims pursuant to The Pennsylvania Minimum Wage Act codified at 43 P.S. § 333.113 (the "Minimum Wage Act") as a class action pursuant to Fed. R. Civ. P. 23.

6.      Because Defendants' violations of the law are ongoing, Plaintiffs also seeks injunctive relief to ensure that the unlawful policies and practices do not continue.

---

[4] *Id*. at *8-9.

## THE PARTIES

### Plaintiff Christopher Boyle

7.      Plaintiff Christopher Boyle ("Boyle") is an individual residing in 116 St. Josephs Street, Pittsburgh, PA 15203.

8.      Boyle was employed by Defendants as an unpaid intern in Defendants' "photography department" on or about April 2011 thru March 2012.

9.      Boyle is a covered employee within the meaning of the FLSA and the Minimum Wage Act.

10.     Boyle has consented to join this action. His written Consent to Join Form is attached hereto at Exhibit A.

### Defendants

11.     Defendant Swann Inc. ("Swann") is, upon information and belief, a corporation with an office address at 506 Hegner Way, Sewickley, PA 15143.

12.     Defendant Mathias R. Shaner ("M. Shaner") is an individual with an office address at One PPG Place, Suite 2370, Pittsburgh PA 15122.

13.     Defendant Lance T. Shaner ("L. Shaner") is an individual residing at 1965 Waddle Road, State College, PA 16803.

14.     Defendants Swann, M. Shaner, and L. Shaner (the "Defendants") operate the Pittsburgh Power football team franchise under the "Pittsburgh Power Football" fictitious name which is registered with the Pennsylvania Department of State as having its principal place of business at One PPG Place, Suite 2370, Pittsburgh PA 15122.

15.     Defendants are a covered employer within the meaning of the FLSA and the

4

Minimum Wage Act and, at all relevant times, employed and/or jointly employed Plaintiffs and similarly situated employees.

16.     During all relevant times, Defendants have exercised operational control over all Pittsburgh Power Football games, marketing endeavors, and other franchise functions (collectively the "Business Operations").

17.     During all relevant times, Defendants had the power to determine employees' rates of pay and methods of payment.

18.     During all relevant times, Defendants had the power to establish accounting and payroll practices for their Business Operations.

19.     During all relevant times, Defendants had the power to approve, and have approved, the use of unpaid intern labor for their Business Operations.

20.     Upon information and belief, during all relevant times, Defendants' annual gross volume of sales made or business done was not less than $1,000,000.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction with respect to Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332 (the Class Action Fairness Act) and 28 U.S.C. § 1367 (supplemental jurisdiction).

22.     Plaintiffs' state law claims are so closely related to Plaintiffs' claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

23.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29

5

U.S.C. § 216(b).

24.     At least one member of the proposed class is a citizen of a state different from that of Defendants.

25.      Plaintiffs' claims involve matters of national or interstate interest.

26.     Upon information and belief, citizenship of the members of the proposed class is dispersed among a substantial number of states and countries.

27.     Upon information and belief, there are more than 60 members of the proposed class in the aggregate.

28.     Defendants are subject to personal jurisdiction in Pennsylvania.

29.     Defendants operate the fictitious entity Pittsburgh Power Football from an office in Pittsburgh, Pennsylvania.

30.     Plaintiffs regularly reported to work at the Pittsburgh Power Football Office at One PPG Place, Suite 2370, Pittsburgh PA 15122.

31.     Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

32.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

33.     Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 139l(b) and (c) because Defendants are subject to personal jurisdiction in the Western District of Pennsylvania.

34.     A substantial part of the events or omissions giving rise to the claims occurred in this District.

## **CLASS ACTION ALLEGATIONS**

35.     Plaintiffs bring the Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action, the Minimum Wage Act claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all persons who have worked as interns or assistants without pay for Pittsburgh Power Football in Pennsylvania between November 2010 and the date of final judgment in this matter (the "Intern Class").

36.     Excluded from the Intern Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Intern Class.

37.     The members of the Intern Class are so numerous that joinder of all members is impracticable.

38.     Upon information and belief, the size of the Intern Class is more than 50 individuals.

39.     Defendants have acted or has refused to act on grounds generally applicable to the Intern Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

40.     Common questions of law and fact exist as to the Intern Class and predominate over any questions affecting only individual members of the Intern Class, and include, but are not limited to, the following:

(a)     Whether Defendants have a policy or practice of failing to pay Plaintiffs and the members of the Intern Class the minimum wage for all hours worked in violation of The

Pennsylvania Minimum Wage Act codified at 43 P.S. § 333.113 (the "Minimum Wage Act")

(b)     Whether Defendants have a policy or practice of failing to pay Plaintiffs and the members of the Intern Class overtime for all hours worked over forty in a workweek in violation of the Minimum Wage Act as alleged herein;

(c)     Whether Defendants have a policy or practice of taking unlawful deductions from Plaintiffs and the members of the Intern Class in violation of the Minimum Wage Act as alleged herein;

(d)     Whether Defendants have a policy or practice of failing to pay Plaintiffs and members of the Intern Class call-in pay for at least four hours at the minimum hourly wage rate in violation of the Minimum Wage Act as alleged herein;

(e)     Whether Defendants have a policy or practice of failing to pay Plaintiffs and members of the Intern Class spread-of-hours wages on days when they worked more than 10 hours in violation of the Minimum Wage Act as alleged herein;

(f)     Whether Defendants failed to furnish Plaintiffs and the members of the Intern Class with an accurate statement of wages, hours worked, rates paid, and gross wages as required by the Minimum Wage Act

(g)     Whether Defendants' policy or practice of underpaying Plaintiffs and the Intern Class was instituted willfully or with reckless disregard for the law; and

(h)     The nature and extent of class-wide injury and the measure of damages for those injuries.

41.     The claims of Plaintiffs are typical of the claims of the Intern Class they seek to represent.

42.     Plaintiffs and all Intern Class members were subject to the same compensation policies and practices of Defendants. Plaintiffs and the Intern Class have all sustained similar types of damages as a result of Defendants' failure to comply with the Minimum Wage Act

43.     Plaintiffs will fairly and adequately represent and protect the interests of the Intern Class. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and members of the Intern Class.

44.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Intern Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures and as a result of Defendants' violation of the Minimum Wage Act Although the relative damages suffered by individual Intern Class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover damages stemming from such practices. In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

45.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

46.     Plaintiffs bring the First, Second and Third Causes of Action, the FLSA claims, on behalf of themselves and all persons who have worked for Defendants as interns or

assistants without pay between November 2010 and the date of final judgment in this matter (the "Intern Collective").

47.     Defendants are liable under the FLSA for, inter alia, willfully failing to properly compensate Plaintiffs and the members of the Intern Collective. Upon information and belief, the Intern Collective consists of many similarly situated individuals who have been underpaid or not paid at all by Defendants in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the members of the Intern Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

48.     Plaintiffs and the members of the class and collective defined above (collectively, "Intern Class Members") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and the Minimum Wage Act by denying them minimum wages, overtime wages, spread-of-hours wages, and call-in pay, and by taking unlawful deductions.

49.     At all times relevant, Defendants' unlawful conduct, policies, and patterns or practices described in this Class Action Complaint have been willful.

50.     As part of their ongoing business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the members of the Intern Class by engaging in a pattern, practice, and/or policy of violating the FLSA and the Minimum Wage Act as described in this Class Action Complaint. This ongoing policy and pattern or practice includes, but is not limited

to the following:

(a)      Defendants classified Plaintiffs and the Intern Class Members as unpaid interns and paid them no wages;

(b)      Defendants failed to pay Plaintiffs and the Intern Class Members minimum wages for all hours worked, overtime for hours that they worked over forty in a workweek, spread-of-hours pay for workdays over 10 hours, and call-in pay for at least four hours per day;

(c)      Defendants required Plaintiffs and members of the Intern Class to supply the tools necessary to perform their jobs, including but not limited to cell phones, cameras and laptop computers, thereby causing them to incur costs for the benefit and convenience of Defendants. These were unlawful deductions in violation of the FLSA and the Minimum Wage Act

(d)      Defendants failed to keep accurate and adequate records of hours worked by Plaintiffs and the members of the Intern Class as required by the FLSA and the Minimum Wage Act

51.      Upon information and belief, Defendants' unlawful conduct described in this Class Action Complaint has been pursuant to a corporate policy or practice of minimizing labor costs by knowingly misclassifying certain employees as unpaid interns in order to deny them compensation in violation of the FLSA and the Minimum Wage Act.

52.      Defendants' unlawful and willful conduct has been widespread, repeated, and consistent. Defendants' policies and practices as described herein are ongoing.

53.      Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the Intern Class Members.

54.      Defendants' deceptive conduct prevented Plaintiffs and the members of the

Intern Class from discovering or asserting their claims any earlier than they did.

**PLAINTIFFS' FACTUAL ALLEGATIONS**

Consistent with its policies and patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows:

*Plaintiff Christopher Boyle*

55.    Pittsburgh Power Football ("Pittsburgh Power") is a fictitious entity registered with the State of Pennsylvania whose owners are Swann, Inc., Mathias R. Shaner, and Lance T. Shaner (collectively the "Defendants") and against whom, therefore, the allegations herein are jointly and severally made.

56.    From approximately April 2011 through approximately March 2012, Boyle worked as an unpaid intern in the "photography department" of Pittsburgh Power.

57.    Boyle worked 2-3 days per week for at least 20 hours per week according to Defendants' game schedule, and some interns worked as many as 40 hours per week.

58.    Boyle's work as an intern was initially supervised by Michael Gorham, the Chief Operations Officer of Defendants'.

59.    Boyle's responsibilities as an intern included the following: (a) attended weekly meetings; (b) brainstorm marketing ideas and strategy at weekly meetings; (c) plan and organize marketing events; (d) attend all games; (e) take photographs throughout the entire games; (f) upload photographs to Defendants; and (g) regularly edit the roughly 2000 photographs per day that Boyle would take.

60.    During the time he worked for Defendants, Boyle worked alongside other individuals whom Defendants also classified as unpaid interns, who performed productive work and were paid

12

no wages.

61.     During the time they worked for Defendants, Plaintiffs did not receive training similar to what would be given in a vocational school or academic educational instruction.

62.     At least one week during the time they worked for Defendants, some Plaintiffs each worked more than 40 hours per week.

63.     At least one day during the time they worked for Defendants, Plaintiffs each worked more than 10 hours per day.

64.     At least one day during the time they worked for Defendants, Plaintiffs were required to report to work and were not paid call-in pay for at least four hours at the minimum wage.

65.     Boyle was not paid any wages for his work for Defendants.

66.     Plaintiffs were required to bring their personal laptop computers and/or other equipment, such as cameras (the "Equipment"), to work each day in order to perform their duties as interns, for the benefit and convenience of Defendants. In Boyle's case, camera Equipment was valued at over $5,000 which Boyle was responsible to provide himself.

67.     Plaintiffs purchased their Equipment with their own funds.

68.     Defendants did not reimburse Plaintiffs for the use of their Equipment.

69.     Plaintiffs were required to use their personal cellular phones in order to perform their duties as interns, for the benefit and convenience of Defendants.

70.     Plaintiffs were required to pay their cellular phone bills with their own money.

71.     Defendants did not reimburse Plaintiffs for the use of their personal cellular phones.

13

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act- Minimum Wages
### (Brought on behalf of Plaintiffs and the Intern Collective)

72.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

73.     Defendants have engaged in a widespread pattern, policy, and practice of wilfully violating the FLSA, as detailed in this Class Action Complaint.

74.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the Intern Collective.

75.      At all relevant times, Plaintiffs and the members of the Intern Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

76.     At all relevant times, Plaintiffs and the members of the Intern Collective were employees of Defendants within the meaning of 29 U.S.C. § 203(e).

77.     At all relevant times, Defendants have been an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

78.     At all relevant times, Defendants employed Plaintiffs and the members of the Intern Collective within the meaning of 29 U.S.C. § 203(g).

14

79.     Defendants have engaged in a policy and/or practice of misclassifying members of the Intern Collective as unpaid interns and failing to pay them the applicable minimum wage for all hours it suffered or permitted them to work. Plaintiffs and members of the Intern Collective incurred unreimbursed costs for the benefit and convenience of Defendants, which brought their effective wage rate further below the statutory minimum.

80.     As a result of the minimum wage violations, Plaintiffs and the members of the Intern Collective have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

81.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants was aware or should have been aware that the practices described in this Class Action Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the Intern Collective.

82.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

83.     Members of the Intern Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action. 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**Fair Labor Standards Act- Overtime Wages**
**(Brought on behalf of Plaintiffs and the Intern Collective)**

84.   Plaintiffs   re-allege   and   incorporate   by   reference   all   allegations   in   all preceding paragraphs.

85.   The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the Intern Collective.

86.   Defendants   have   failed   to   pay   Plaintiffs   and   the   members   of   the   Intern Collective overtime wages at time and a half for hours that they worked over 40 hours in a work week.

87.   As   a   result   of   Defendants'   unlawful   acts,   Plaintiffs   and   members   of   the Intern Collective have been deprived of overtime compensation in amounts to be determined at trial, and   are   entitled   to   recovery   of   such   amounts,   liquidated   damages,   prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

88.   Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants was aware or should have been aware that the practices described in this Class Action Complaint are unlawful. Defendants have not made a good faith effort to comply with   the   FLSA   with   respect   to   the   compensation   of   Plaintiffs   and   the   members   of   the Intern Collective.

89.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## THIRD CAUSE OF ACTION

**Fair Labor Standards Act - Recordkeeping Violations**
**(Brought on behalf of Plaintiffs and the Intern Collective)**

90.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

91.     Defendants failed to make, keep, and preserve accurate records with respect to Plaintiffs and members of the Intern Collective, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C. § 21l(c), and supporting federal regulations.

## FOURTH CAUSE OF ACTION

**The Pennsylvania Minimum Wage Act**
**(Brought on behalf of Plaintiffs and the Intern Collective)**

92.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

93.     Pursuant Pennsylvania Minimum Wage Act codified at 43 P.S. § 333.113 and regulations issued thereunder, an employee who is paid by an employer less than the minimum wages provide, may recover in a civil action the difference between the wages due the employee and the wages actually paid, together with costs and such reasonable attorney's fees as may be allowed by the court.

94.     Defendants violated the Minimum Wage and regulations issued thereunder for each of the grounds more particularly detailed above; including, but not limited to:

-   Engaging in a policy and/or practice of misclassifying members of the Intern Collective as unpaid interns and failing to pay them the applicable minimum wage for all hours it suffered or permitted them to work.

17

- Failure to make, keep, and preserve accurate records with respect to Plaintiffs and members of the Intern Collective, including hours worked each workday and total hours worked each workweek;

- Failure to pay Plaintiffs and the members of the Intern Collective overtime wages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own behalf and on behalf of all other similarly situated persons, seeks the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the Intern Collective, as defined above. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages, overtime pay, and an additional and an equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime and unpaid minimum wages pursuant to the Minimum Wage Act;

D.       Certification of the class set forth above pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.      Designation of Plaintiffs as class representatives and counsel of record as Class Counsel;

F.      Pre-judgment interest and post-judgment interest;

G.       Issuance of a declaratory judgment that the practices complained of in this Class

18

Action Complaint are unlawful under the Minimum Wage Act;

       H.      An injunction requiring Defendants to pay all statutorily required wages pursuant to the Minimum Wage Act; and an order enjoining Defendants from continuing its unlawful policies and practices as described herein with respect to the Class and Collective;

       I.      Reasonable attorneys' fees and costs of the action;

       J.      Such other relief as this Court shall deem just and proper.

Dated:  April 22, 2013          By:_____/s/ Anthony H. Handal_____
                       Anthony H. Handal, Esq. (AH5104)
                       Gwen Acker Wood
                       Handal & Morofsky, LLC
                       501 Kings Highway East
                       Fairfield, CT 06825
                       (917) 880-0811

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demands a jury trial of any issues in this action so triable.


Dated:  April 22, 2013                    By:_____/s/ Anthony H. Handal_____
                                              Anthony H. Handal, Esq. (AH5104)
                                              Handal & Morofsky, LLC
                                              501 Kings Highway East
                                              Fairfield, CT 06825
                                              (917) 880-0811